UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIC ADAMS | CIVIL ACTION |
| VERSUS | NO. 10-1487 |
| GINA RANDAZZO MARTIN, THOMAS RODWIG, TIFFANY BRYAN, JOHN/JANE DOE | SECTION "B"(4) |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.     Factual Background

The plaintiff, Eric Adams ("Adams"), filed this *pro se* and *in forma pauperis* complaint on a form reserved for suits under 42 U.S.C. § 1983 while incarcerated in the Billy Moore Correctional Center in Overton, Texas.[1]  He filed this *Bivens* action[2] against three Deputy Clerks of Court for the

---

[1] He has since notified the Court of his current address in Lancaster, California. Rec. Doc. Entry dated 6/7/10 and Rec. Doc. No. 4.

[2] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 396 (1971), the United States Supreme Court held that § 1983 does not provide a remedy against a federal agency or officer.  Instead, a petitioner can maintain a similar claim against a federal employee accused of violating his federal constitutional rights, an action now referred to as a *Bivens* action.

United States Fifth Circuit Court of Appeals, Gina Randazzo Martin, Thomas Rodwig, and Tiffany Bryan, each in their individual capacity for monetary damages and each in their official capacity for injunctive relief, alleging procedural and substantive due process violations.

Adams alleges that he filed a civil rights suit in the United States District Court for the Northern District of Texas entitled *Adams v. City of Dallas*, Civ. Action No. 3:05-CV-1196-N. He indicates that the suit was dismissed by the federal trial court during a pretrial conference. He claims that he filed a timely notice of appeal and the federal trial court granted his request for leave to appeal on September 24, 2008. Thereafter, on December 18, 2008, the federal trial court certified that his appeal presented a substantial question under 28 U.S.C. § 753(f), and he was provided with transcripts of the two pretrial hearings at the government's expense.

He claims that, on January 26, 2009, defendant Deputy Clerk Mary Stewart at the United States Fifth Circuit issued an order instructing him to file a brief in support of the appeal in Appeal No. 08-10840 within 40 days, which he calculated to be March 8, 2009. He later filed for an extension of that time period on February 27, 2009. He also submitted a motion to access the record. Defendant Gina Martin issued an order on March 6, 2009, extending his filing period to April 8, 2009. His motion to access the record was not addressed.

As a result, on March 18, 2009, he filed another motion for consideration of the request for access to the record on the basis of his belief that Martin should have addressed the motion and her inaction caused him prejudice. On April 27, 2009, without a response on the request for access to the record, Martin dismissed his appeal for want of prosecution pursuant to Fifth Circuit Rule 42.3. He claims that, prior to that, Martin failed to provide him with a notice of impending dismissal as required by Fifth Circuit Rule 42.3.1.2. He complains that Martin, or a John Doe defendant,

intentionally disregarded his motion for access to the record, intentionally mishandled his motion for consideration, and/or intentionally refused to forward the motion to an Article III Judge for disposition as required by Fifth Circuit Rule 27.1.

Adams alleges that, on May 12, 2009, he filed a petition for rehearing seeking the reopening of his appeal based on his belief that Martin mishandled his appeal. On May 22, 2009, defendant Thomas Rodwig converted the petition into a motion to reinstate the appeal under the court's local rules. This, he claims, prevented his petition from being presented to an Article III Judge for consideration under Fed. R. App. P. 2 and Fifth Circuit Rule 41.2, and instead left resolution of the motion to the clerk of court under Fifth Circuit Rule 27.1.6. He alleges that Rodwig's disposition of the petition hindered his ability to seek relief from the court itself under Fifth Circuit Rules 27.1, 42.4 and 45.2.

On June 9, 2009, he filed a motion for reinstatement of the appeal and for extension of time to file the brief. Defendant Tiffany Bryan, on July 7, 2009, refused to take action on the motion filed June 9, 2009, and refused to send the motion to the Judges of the court. He does not indicate how this alleged refusal was demonstrated to him.

Adams further alleges that the actions of the defendants Martin, Rodwig, and Bryan deprived him of procedural and/or substantive due process. He further contends that Martin denied him of due process and access to the court where she caused him to be unable to comply with the Fifth Circuit rules of court regarding the filing of the brief, and where her actions resulted in the summary dismissal of his appeal without proper notice and without consideration of his pending motion. He also claims that Rodwig and Bryan denied him due process and access to the court by usurping judicial power and hindering his ability to avail himself of post-dismissal procedures.

As relief, Adams seeks issuance of a declaratory judgment recognizing these constitutional deprivations by the defendants and issuance of an injunction or mandamus to recall the mandate issued by Martin in dismissing his appeal, reinstating the appeal, and providing him with access to the appeal records. He also seeks compensatory damages of $500,000 jointly and severally against Martin, Rodwig, Bryan and John/Jane Doe, for their collection acts and omissions, $250,000 jointly and severally against Martin, Rodwig, Bryan and John/Jane Doe, for the intentional infliction of emotional distress and injury to plaintiff.

## II.  Standards of Review

Title 28 U.S.C. §§ 1915A and Title 42 U.S.C. §§ 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably

4

meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.** **Analysis**

    **A.** ***Bivens* Claims against the Defendants in Their Official Capacity**

Adams names the defendants, Martin, Rodwig, and Bryan, seeking in part injunctive relief against them each in their official capacity. The federal courts have recognizes that *Bivens* actions may be brought against defendants acting in their individual capacities <u>only</u>. *Campillo v. U.S. Penitentiary Beaumont, Tex.*, 203 Fed. Appx. 555, 556 (5th Cir. 2006) (citing *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999)). Suits against federal officers in their official capacity are really suits against the government, and for these suits to go forward, the government must waive its sovereign immunity. *Boehms v. Crowell*, 139 F.3d 452, 462-63 (5th Cir. 1998); *S. Sog, Inc. v. Roland*, 644 F.2d 376, 380 (5th Cir. 1981). Adams has not alleged or shown here that the government waived its immunity. As such, the Court lacks jurisdiction over Adams *Bivens* claims against the defendants in their official capacities. *See Smart v. Holder*, 368 Fed. Appx. 591, 593 (5th Cir. 2010).

Adams's claims against the defendants each in their official capacity are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915(e) and § 1915A and should be dismissed for that reason.

    **B.** ***Bivens* Claims Against the Defendants in Their Individual Capacity**

Adams also asserts *Bivens* seeking declaratory and monetary relief against the defendants, Martin, Rodwig, and Bryan, each in their individual capacity. He alleges that each of the

defendants, acting pursuant to the local rules of the United States Fifth Circuit, denied him access to the courts and otherwise caused his appeal and related motions to be dismissed. His claims are frivolous for the following reasons.

It is a well settled premise that court clerks "'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion.'" *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir.1981)). This quasi-judicial immunity enures to a clerk of court and deputy clerks of court when they act as "explicitly commanded by a court decree or by the judge's instructions." *Clay*, 242 F.3d at 682.

The United States Fifth Circuit Court of Appeals and other federal circuit courts have extended this doctrine to clerks of court who act under the directives and orders of the court. *Id.*; *Small v. Dallas County*, 170 Fed. Appx. 943, 943 (5th Cir. 2006); *Boyer v. County of Washington*, 971 F.2d 100, 101 (8th Cir. 1992) ("[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process unless the clerks acted in the clear absence of all jurisdiction.") (internal quotations marks and citation omitted); *see also Maness v. Dist. of Logan County-Northern Div.*, 495 F.3d 943 (8th Cir. 2007) (clerks absolutely immune for acts that may be seen as discretionary or for acts taken at the direction of a judge or according to court rule); *Rogers v. Brintrager*, 841 F.2d 853, 856 (8th Cir.1988); *Eades v. Sterlinske*, 810 F.2d 723, 726 (7th Cir.1987).

Adams's claims recognize that the deputy clerks were acting under the authority of various local and federal rules of the Court when scrutinizing his appeal documents and even in dismissing the appeal for failure to prosecute and meet the deadlines scheduled by those rules. A local rule is

tantamount to a court order. *Jones v. Central Bank*, 161 F.3d 311, 312-13 (5th Cir. 1998); *Walker v. City of Bogalusa*, 168 F.3d 237, 239 (5th Cir. 1999). These defendants, therefore, enjoy absolute quasi-judicial immunity, where they were acting pursuant to the commands of the court through the local and federal rules governing appellate procedure.

Furthermore, any unsupported suggestion or conclusional allegations that the defendants acted jointly are insufficient to establish a claim for conspiracy to violate his constitutional rights. "Plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based. Bald allegations that a conspiracy existed are insufficient." *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987) (citations omitted). "'To establish a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit an illegal act.'" *Dayse v. Schuldt*, 894 F.2d 170, 173 (5th Cir.1990) (quoting *Arcenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982)). Adams has made no such claim here.

For the foregoing reasons, Adams *Bivens* claims against the defendants each in their individual capacity are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915(e) and § 1915A and should be dismissed for that reason.

### IV. Recommendation

It is therefore **RECOMMENDED** that Adams's *Bivens* claims against the defendants Deputy Clerks Gina Randazzo Martin, Thomas Rodwig, and Tiffany Bryan, each in their official and individual capacities, be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. §§ 1915(e), 1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 3rd day of October, 2011.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.